VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY J. TABANDEH (Cal. Bar No. 287583)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
VERSO LAW GROUP LLP
209 Kearny Street, 3rd Floor
San Francisco, CA 94108
Telephone: (415) 534-0495
Email: greg.gilchrist@versolaw.com
        ryan.bricker@versolaw.com
        sophy.tabandeh@versolaw.com
        paymaneh.parhami@versolaw.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>Plaintiff,<br><br>v.<br><br>COPERNI UK LIMITED,<br><br>Defendant. | Case No. 23-cv-04590<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, AND UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Levi Strauss & Co. ("LS&Co.") has been manufacturing and selling apparel for over 150 years.  The company's apparel production was protected as an "essential industry" during World War II, and exhibits at institutions such as the Smithsonian and Museum of Modern Art display photographs underscoring that Levi's® products are a "staple of American culture, symbolizing youth, freedom, and effortless cool."

LS&Co. brands its apparel products using some of the oldest and most well-respected apparel trademarks in the world, including the Arcuate and Tab trademarks shown below.  The tab is often displayed in red, but appears in all colors including prominently in white, blue, black, silver, and orange as in the examples shown below.





Every year, millions of jeans, shirts, jackets, skirts, and other products are sold bearing one or more of these marks.  The "Arcuate" trademark (top left and top center images) was adopted in 1873 and registered in 1943.  The mark appears on almost every pair of Levi's® brand jeans, as well as jackets and accessories.  The "Tab" trademark (top right, and all bottom row images) appears on almost all jeans sold under the Levi's brand, and is used on shirts, jackets, and accessories.  LS&Co. adopted the Tab trademark in 1936, registered in 1938, and it has at various times been used as part of the corporate logo, in retail signage and on the levi.com website as a signal for all the company's products and services.  As shown above, the Tab trademark sometimes bears the famous Levi's® trademark, and sometimes bears only the ® symbol.

This lawsuit is necessary because Defendant Coperni UK Limited has misappropriated LS&Co.'s famous trademarks as symbols for its own apparel products.  To stop Defendant from continuing to misuse and trade on LS&Co.'s famous trademarks, and LS&Co.'s reputation and goodwill, LS&Co. seeks preliminary and permanent injunctive relief as well as all appropriate

compensatory remedies and fees and costs necessitated by Defendant's conduct.  LS&Co. complains as follows:

## JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT

1.      Plaintiff LS&Co.'s claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq*.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2.      LS&Co. is informed and believes that venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant transacts affairs in this district and sells or distributes its infringing products and services in this district, and because a substantial part of the events giving rise to the claims asserted arose in this district.

3.      Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## PARTIES

4.      LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111.  Operating since approximately the 1850s, LS&Co. is one of the oldest and best-known apparel companies in the world.  It manufactures, markets, and sells a variety of apparel, including its traditional Levi's® brand products.

5.      LS&Co. is informed and believes that defendant Coperni UK Limited ("Defendant" or "Coperni") is a United Kingdom private limited company, with its principal place of business at 10 Redchurch Street, The Biscuit Building, London E2 7DD, United Kingdom.

6.      LS&Co. is informed and believes that Coperni manufactures, distributes, advertises, and/or sells, or has manufactured, distributed, advertised, and/or sold garments, including jackets, shirts, pants, skirts, vests, and jeans, bearing marks and designs that infringe LS&Co.'s Arcuate and Tab trademarks.  Defendant's infringing products and services are offered for sale and sold throughout the United States, including in this judicial district.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

7.     LS&Co. marks its Levi's® brand products with trademarks that are famous around the world.  For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent great amounts of time, money (tens and hundreds of millions of dollars per year), and effort advertising and promoting the products on which its trademarks are used and has sold hundreds of millions of these products, all over the world, accounting for billions of dollars in sales, including sales throughout the United States and in California.  Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for high-quality, fashionable products.  LS&Co. continuously has used these trademarks, some for well over a century, to distinguish its products.  All of LS&Co.'s relevant marks were famous among the general consuming public long before Defendant began selling the products challenged in this Complaint.

8.     Most of LS&Co.'s trademarks are federally registered; all are in full force and effect, valid and protectable, and exclusively owned by LS&Co.  LS&Co. continuously has used each of its trademarks, from the registration date or earlier, until the present and during all times relevant to LS&Co.'s claims.

**LS&Co.'s Tab Trademark**

9.     LS&Co. owns the famous Tab Device Trademark (the "Tab trademark"), which, in one configuration, consists of a textile marker or other material sewn into the pocket seams or one of the regular structural seams of the garment.  LS&Co. uses the Tab trademark on Levi's® jeans, pants, jackets, shirts, skirts, shorts, accessories, and a variety of other clothing products.

10.    LS&Co. began to display the Tab trademark on the rear pocket of its pants in 1936 when its then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth ribbon in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight identification" of LS&Co.'s products.  Given the distinctiveness of the Tab trademark, Mr. Lucier asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an outside patch pocket, unless for the express and sole purpose of copying our mark and confusing the customer."

/ / /

11.     The Tab trademark is valid and exclusively owned by LS&Co.  The Tab trademark is famous and recognized around the world and throughout the United States by consumers as signifying authentic, high-quality Levi's® garments.  The Tab trademark became famous prior to Defendant's conduct that is the subject of this Complaint.

12.     Examples of LS&Co.'s use of its Tab trademark on Levi's® garments are shown here:



13.     LS&Co. owns, among others, the following United States and California Registrations for its Tab trademark, attached as **Exhibit A**.  The federal registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

        a.     U.S. Registration No. 516,561 (first used as early as September 1, 1936; registered October 18, 1949);

///

b.  U.S. Registration No. 1,157,769 (first used as early as September 1, 1936; registered June 16, 1981);

c.  U.S. Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003);

d.  U.S. Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938);

e.  U.S. Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953);

f.  U.S. Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964);

g.  U.S. Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964);

h.  U.S. Registration No. 2,726,253 (first used as early as March 7, 1969; registered June 17, 2003);

i.  U.S. Registration No. 2,620,144 (first used as early as February, 1999, registered September 17, 2002); and

j.  California Registration No. 052312 (first used as early as March 7, 1969; registered June 12, 1974).

**LS&Co.'s Arcuate Trademark**

15.  LS&Co. also owns the famous Arcuate Stitching Design Trademark (the "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known apparel trademark in the United States still in continuous use.  LS&Co. has used the Arcuate trademark continuously since 1873 in interstate commerce on clothing products.  LS&Co. first used the Arcuate trademark on jeans and later used it on other products as well.

16.  LS&Co. owns, among others, the following United States and California Registrations for its Arcuate trademark, attached as **Exhibit B**.  The federal registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

///

a.     U.S. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943);

b.     U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980); and

c.     U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003).

17.     The Arcuate trademark is valid and protectable, and exclusively owned by LS&Co. The Arcuate trademark is famous and is recognized around the world and throughout the United States by consumers as signifying authentic, high-quality LEVI'S® jeans. The Arcuate trademark became famous prior to Defendant's conduct that is the subject of this Complaint.

18.     In addition to producing its own branded apparel, LS&Co. sometimes enters license agreements so that licensees may produce authorized products to LS&Co.'s specifications. The Arcuate trademark and Tab trademarks may be licensed for this purpose. In addition, LS&Co. often engages in collaborations with designers and other brands to produce a jointly created and sponsored item, including many designers and brands with a public image and brand equity that are highly similar to Defendant's market position.

**Coperni's Infringement of LS&Co.'s Trademarks**

19.     Beginning at some point in the past and continuing until the present, Coperni has manufactured, promoted, and sold garments that infringe and dilute LS&Co.'s Tab trademark. Examples include these products bearing infringing tabs (the "Coperni Tabs"):

 




20.     Additionally, Coperni has manufactured, marketed, and/or sold products bearing copies of LS&Co.'s Arcuate trademark.  Examples include these products bearing infringing stitching design (the "Coperni Stitching Design"):




21.     In particular, LS&Co. is informed and believes that Coperni has manufactured, sourced, marketed, and/or sold substantial quantities of garments bearing the Coperni Tabs and Coperni Stitching Design (collectively, the "Coperni Infringements") that are highly similar to LS&Co.'s Arcuate trademark and Tab trademark and are likely to confuse consumers about the source of Coperni's products and/or a relationship between Coperni and LS&Co.

22.     Additionally, LS&Co. is informed and believes that Coperni sells the Coperni Infringements alongside unauthorized "reworked" versions of LS&Co.'s authentic apparel

products, retaining the Arcuate trademark and Tab trademark in a manner that is likely to confuse consumers about the source of Coperni's products and/or a relationship between Coperni and LS&Co.  Examples of these unauthorized "reworked" products bearing LS&Co.'s Arcuate trademark and Tab trademark follow (these products constitute infringement and dilution of LS&Co.'s famous trademarks as well):

 

23.     LS&Co. is informed and believes that Coperni has manufactured, marketed, and sold the Coperni Infringements and reworked LS&Co.'s products and products – all of which bear one or more copies of the Arcuate trademark and Tab trademark – and has profited, and continues to profit from these sales.

24.     Coperni's actions have caused and will cause LS&Co. irreparable harm for which money damages and other remedies are inadequate.  Unless Coperni is restrained preliminarily and permanently by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to LS&Co. by, among other things:

a.     Depriving LS&Co. of its rights to use and control use of its trademarks and maintain its reputation with consumers, licensees and collaborators, including the exclusive use of its trademarks on products and services that LS&Co. creates, produces, licenses, and sells;

b.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products and services;

///

c.    Causing the public falsely to associate LS&Co. with Coperni and/or its products and services, or vice versa;

d.    Causing incalculable and irreparable damage to LS&Co.'s goodwill, reputation and standing with consumers, licensees and collaborators;

e.    Diluting the capacity of its Tab trademark and Arcuate trademark to differentiate Levi's® products from others;

f.    Causing LS&Co. to lose sales of its genuine clothing products; and

g.    Causing others to believe that the distinctive features of the Tab trademark and Arcuate trademark may be misappropriated for their use.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

25.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

26.    Without LS&Co.'s consent, Defendant has used – in connection with the sale, offering for sale, distribution, or advertising of its products and services – trademarks and designs, including the stitching and pocket tab designs (examples of which are shown in this Complaint) that infringe upon LS&Co.'s registered Tab trademark and Arcuate trademark.

27.    Defendant's acts of willful trademark infringement have been committed with the intent to cause confusion, mistake, or deception, cause harm to LS&Co. and consumers, and are in violation of 15 U.S.C. § 1114.

28.    As a direct and proximate result of Defendant's infringing activities, LS&Co. is entitled to recover all of Defendant's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. 1117(a).

29.    Defendant's infringement of LS&Co.'s Tab trademark and Arcuate trademark is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Defendant's profits, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

30.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

31.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 30 of this Complaint.

32.    Defendant's use of its infringing trademarks and designs – including the stitching and pocket tab designs shown by example in this Complaint – tends falsely to describe its products and services within the meaning of 15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant and Defendant's products and services, to the detriment of LS&Co. and consumers in violation of 15 U.S.C. § 1125(a)(1).

33.    As a direct and proximate result of Defendant's willful infringing activities, LS&Co. is entitled to recover all of Defendant's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

34.    Defendant's infringement of LS&Co.'s Tab trademark and Arcuate trademark is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Defendant's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

35.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARKS**
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

36.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37.    LS&Co.'s Tab trademark and Arcuate trademark are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and each was distinctive and famous prior to Defendant's conduct as alleged in this Complaint.

38.    Defendant's conduct – including Defendant's use of the stitching and pocket tab designs shown by example in this Complaint – is likely to cause dilution of LS&Co.'s Tab

trademark and Arcuate trademark by diminishing each of their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

39.     LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

**FOURTH CLAIM**
**CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION**
**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 14247)**

40.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 39 of this Complaint.

41.     LS&Co. owns registered and common law rights in its Tab trademark and Arcuate trademark.

42.     Defendant is using trademarks and designs – including the stitching and pocket tab designs shown by example in this Complaint – that are identical or nearly identical to the Tab trademark and Arcuate trademark, without the consent of LS&Co.

43.     LS&Co.'s Tab trademark and Arcuate trademark each became famous in California long before Defendant began using its infringing trademarks and designs.

44.     Defendant's use of its infringing trademarks and designs is likely to cause consumer confusion about the source of Defendant's goods and services or about a relationship between LS&Co. and Defendant and is likely to dilute LS&Co.'s Tab trademark and Arcuate trademark, and each of them, in violation of California Business & Professions Code §§ 14200 et seq., and California Business & Professions Code § 14247.

45.     Defendant infringed and diluted LS&Co.'s Tab trademark and Arcuate trademark with knowledge and intent to cause confusion, mistake, or deception.

46.     Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of LS&Co. for which California law allows the imposition of exemplary damages.

47.     Pursuant to California Business & Professions Code §§ 14247 and 14250, LS&Co. is entitled to injunctive relief and damages in the amount of three times Defendant's profits and three times all damages suffered by LS&Co. by reason of Defendant's

1   manufacture, use, display, and sale of infringing goods and services.

**FIFTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

48.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 47 of this Complaint.

49.     Defendant's conduct constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code section 17200.

50.     LS&Co. is entitled to injunctive relief preventing the conduct alleged in this Complaint.

**PRAYER FOR JUDGMENT**

WHEREFORE, LS&Co. prays that this Court grant it the following relief:

1.     Adjudge that LS&Co.'s Tab trademark and Arcuate trademark, and each of them, have been infringed by Defendant in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

2.     Adjudge that Defendant has competed unfairly with LS&Co. in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3.     Adjudge that Defendant's activities are likely to dilute LS&Co.'s famous Tab trademark and Arcuate trademark, and each of them, in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

4.     Adjudge that Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.     Manufacturing, producing, sourcing, importing, exporting, selling, buying, offering for sale, distributing, licensing, advertising, or promoting any goods or services, using any words, symbols or designs that so resemble LS&Co.'s Tab trademark and Arcuate trademark, or

any of them, as to be likely to cause confusion, mistake or deception, on

or in connection with any product or service that is not authorized by or

for LS&Co., including without limitation, the infringing trademarks and

designs that are the subject of this Complaint and for which Defendant

is responsible, or any other approximation of LS&Co.'s trademarks;

b.     Using any word, term, name, symbol, device, or combination thereof

that causes or is likely to cause confusion, mistake, or deception as to

the affiliation or association of Defendant or its products and services

with LS&Co. or as to the origin of Defendant's goods and services, or

any false designation of origin, false or misleading description or

representation of fact, or any false or misleading advertising;

c.     Claiming trademark rights in the pocket stitching and tab designs shown

by example in this Complaint, or any other word, symbol, or design that

is confusingly similar to the Tab trademark and Arcuate trademark,

including by applying now or in the future for federal registration of

trademarks comprising the Coperni Infringements or any other word,

symbol, or design that is similar to the Tab trademark and Arcuate

trademark;

d.     Infringing LS&Co.'s rights in and to any of its trademarks in its Levi's®

brand products or otherwise damaging LS&Co.'s goodwill or business

reputation;

e.     Further diluting the Tab trademark and Arcuate trademark;

f.     Otherwise competing unfairly with LS&Co. in any manner; and

g.     Continuing to perform in any manner whatsoever any of the other acts

complained of in this Complaint;

5.     Adjudge that Defendant be required immediately to supply LS&Co.'s counsel with a

complete list of individuals and entities from whom or which it purchased, and to whom or which it

sold, offered for sale, distributed, advertised or promoted, infringing products and services as alleged

in this Complaint;

6.      Adjudge that Defendant be required immediately to deliver to LS&Co.'s counsel its entire inventory of infringing products and services, including without limitation pants, shirts, and any other clothing, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices and other material for producing or printing such items, domain names, or social media handles that are in its possession or subject to its control and that infringe or facilitate infringement of LS&Co.'s trademarks as alleged in this Complaint;

7.      Adjudge that Defendant, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon LS&Co.'s counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

8.      Adjudge that LS&Co. recover from Defendant its damages and lost profits, and Defendant's profits, in an amount to be proven at trial, as well as punitive damages under California law;

9.      Adjudge that Defendant be required to account for any profits that are attributable to its illegal acts, and that LS&Co. be awarded (1) Defendant's profits and (2) all damages sustained by LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;

10.     Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be trebled;

11.     Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing and dilutive activities;

12.     Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection with this action, including LS&Co.'s reasonable attorneys' fees and investigative expenses; and

13.     Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and proper.

/ / /

/ / /

/ / /

1     Dated:  September 7, 2023         Respectfully submitted,

2                                       VERSO LAW GROUP LLP

3

4                                       By: */s/ Ryan Bricker*

5                                       Gregory S. Gilchrist
                                      Ryan Bricker

6                                       Sophy J. Tabandeh
                                      Paymaneh Parhami

7                                       Attorneys for Plaintiff

8                                       LEVI STRAUSS & CO.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

Levi Strauss & Co. demands that this action be tried to a jury.

3

Dated:  September 7, 2023                    Respectfully submitted,

4

VERSO LAW GROUP LLP

5

6

By: *<u>/s/ Ryan Bricker</u>*

7

Gregory S. Gilchrist
Ryan Bricker

8

Sophy J. Tabandeh
Paymaneh Parhami

9

Attorneys for Plaintiff

10

LEVI STRAUSS & CO.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28